IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LEEANN BROADWAY**                                          **PLAINTIFF**

V.                                4:07CV00047JMM

**VERIZON WIRELESS TENNESSEE
PARTNERSHIP AND ADVANCED
WIRELESS SOLUTIONS, INC. AND
GIBBS SERVICE CO., INC.**                         **DEFENDANTS**

## ORDER

Pending is the Motion for Summary Judgment of Defendant Gibbs Service Company Inc. ("Gibbs"). The Plaintiff has responded to the motion. For the reasons set forth below, the Motion is GRANTED.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Plaintiff filed suit against the Defendants alleging that a sheet of plywood was negligently left on top of the roof of Pulaski Heights Baptist Church (the "Church"). The plywood blew off of the roof and hit Plaintiff causing physical injury. Defendant Gibbs has a contract with the Church which provides that Gibbs will perform maintenance and routine services on the air conditioning system at the Church in exchange for a monthly service fee.

Gibbs contends that neither the agents nor the employees of Gibbs were ever on the roof of the Church prior to the incident alleged by the Plaintiff. Thus, Gibbs contends that neither its agents nor employees left any materials on the roof and cannot be held liable for such negligence. Mark Gibbs, Operations Manager for Gibbs, testified by affidavit that no agent or employee of Gibbs was performing maintenance or service at the Church on the date of the

alleged incident and, further, that no agent or employee of Gibbs was on the roof of the Church on the date of the alleged incident. Mr. Gibbs also states that during the performance of routine maintenance of the air conditioners at the Church Gibbs employees and agents used only hand tools and did not use plywood or materials of that nature on the roof of the Church. (Gibbs Aff., Ex. A to gibb's Mot. For Summ. Judg.).

In response to the Motion for Summary Judgment, Plaintiff merely admits or denies the statements made by Gibbs. Plaintiff denies that "[t]here is no evidence that Gibbs was negligent . . . ." (Pl.'s Resp. To Mot. For Summ. Judg.). However, Plaintiff fails to provide any affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. Because the Plaintiff has failed to carry that burden, summary judgment must be granted.

The Motion for Summary Judgment of Gibbs Service Co. Inc. (Docket # 30) is GRANTED. Defendant Gibbs is dismissed from the case.

IT IS SO ORDERED this 30th day of December 2008.

_____
James M. Moody
United States District Judge