## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**LEEANN BROADWAY**                                                                      **PLAINTIFF**


**V.**                                          **4:07CV00047 JMM**


**VERIZON WIRELESS TENNESSEE**
**PARTNERSHIP, ADVANCED WIRELESS**
**SOLUTIONS, INC., AND GIBBS**
**SERVICE CO., INC.**                                                                    **DEFENDANTS**

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Pending is the Motion for Summary Judgment of Defendant Verizon Wireless Tennessee

Partnership ("Verizon") and Defendant Advanced Wireless Solutions, Inc. ("AWS").  Plaintiff

has responded to the motion and the Defendants have filed a reply.

Plaintiff filed this negligence action against the Defendants after being struck by a 4 x 8

sheet of plywood which had blown off the roof of Pulaski Heights Baptist Church.  Plaintiff

alleges that the Defendants negligently left the plywood on the church roof.  Plaintiff suffered

injuries to her shoulder.  The Court has jurisdiction over the action based upon the diversity of

the parties.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine

> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

After review of the record and the relevant law, the Court finds that there is a genuine issue of material fact as to who owned the plywood that struck Plaintiff and who failed to secure or remove the plywood from the church roof prior to Plaintiff's injury on January 8, 2006. Accordingly, Defendants' Motion for Summary Judgment (Docket #35) is DENIED.

IT IS SO ORDERED this 11th day of March 2009.


_____
James M. Moody
United States District Judge